## **UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7150**
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

SANCHEZ OZELL MCPHERSON, a/k/a Delano Jacob McPherson, a/k/a
Chez, a/k/a Delano MacPherson,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge. (2:09-cr-01348-PMD-1)

_____

Submitted:  December 15, 2015      Decided:  December 17, 2015

_____

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Sanchez Ozell McPherson, Appellant Pro Se.  Sean Kittrell,
Assistant United States Attorney, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sanchez Ozell McPherson appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We have reviewed the record and conclude that McPherson's motion was not a true Rule 60(b) motion, but in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). McPherson therefore is not required to obtain a certificate of appealability to appeal the district court's order. McRae, 793 F.3d at 400. In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear McPherson's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012).

Additionally, we construe McPherson's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). McPherson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. Accordingly, we affirm the district court's order. We deny McPherson's motions for appointment of counsel, transcripts at Government expense, and relief from judgment. We also dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>